UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL LEROY BROWN,

    Petitioner,

v.    Case No. 18-13748

GREG SKIPPER,

    Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE PETITION FOR
WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Emanuel LeRoy Brown, incarcerated at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1.) Petitioner challenges his convictions for first-degree felony murder under Mich. Comp. Laws § 750.316(1)(b) and torture under Mich. Comp. Laws § 750.85. (*Id.*, PageID 1.) Pending before the court is Petitioner's Motion to Stay the Proceedings and Hold the Petition in Abeyance (Dkt. #3) while he returns to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. For the reasons stated below, the court will grant the motion and administratively close the case.

**I. BACKGROUND**

Petitioner was convicted by a jury in the Wayne County Circuit Court. His conviction was affirmed on appeal. *People v. Brown*, No. 328737, 2017 WL 685649 (Mich. Ct. App. Feb. 21, 2017); *leave to appeal denied*, 901 N.W.2d 878 (Mich. 2017).

On November 30, 2018[1] Petitioner filed his Petition for Writ of Habeas Corpus, seeking relief on the grounds that he raised in the state courts on his direct appeal. (Dkt. #1.) Petitioner also filed a motion to hold the petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts and which are not included in the current petition. (Dkt. #3.)

## II. DISCUSSION

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 79–83 (1st Cir. 2002); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline*, 246 F. App'x. 303, 306 (6th Cir. 2007) (quoting *Nowaczyk*, 299 F.3d at 83) (a court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served"); *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no bright-line rule that prevents a district court from dismissing a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be a compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling*, 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

---

[1] Under the prison mailbox rule, the court assumes that Petitioner filed his habeas petition on November 30, 2018, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (internal citations omitted).

The court will grant Petitioner's request to hold the petition in abeyance while he returns to the state courts to properly exhaust these additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). The Sixth Circuit has approved of staying a habeas petition where the original petition was timely filed but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir. 2002).

Staying the petition appears appropriate when "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas*, 89 F. Supp. 3d at 942 (internal citations omitted). Moreover, "[i]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.* (citing *Nowaczyk*, 299 F.3d at 78).

Furthermore, the court is unable at this point to determine whether Petitioner's new claims are "plainly meritless" or if they would warrant granting a writ of habeas corpus. *Thomas*, 89 F. Supp. 3d at 943. If the state courts deny post-conviction relief, this court could benefit from the state courts' ruling on these claims in determining whether to permit Petitioner to amend his original petition to add these new claims. *Id.*

Finally, respondent will not be prejudiced by any stay, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas*, 89 F. Supp. 3d at 943.

Having determined that a stay is apt pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). This ensures that a petitioner does not delay in exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner's method of properly exhausting his new claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). The court will impose time limits within which Petitioner must proceed with his state court post-conviction proceedings. Accordingly,

IT IS ORDERED that Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance (Dkt. #3) is GRANTED and the habeas petition is STAYED.

This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies.

*Hargrove*, 300 F.3d at 721. Petitioner shall notify the court in writing that such motion papers have been filed in state court. After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS FURTHER ORDERED that, to avoid administrative difficulties, the Clerk of Court is DIRECTED to close this case. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court shall order the Clerk to reopen this case.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-13748.BROWN.HoldAbeyance.docx